McAlister *vs* Brents &c.

ERROR TO THE MARION CIRCUIT.

*Ejectment.    Practice in Suits at Law.    Attornies' Fees.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS writ of error brings up for revision a judgment correcting the taxation of costs in an action of eject-ment, which was dismissed, on motion of the plaintiff, at the same term at which, as the record shows, the tenant in possession was made a defendant, being the second term after the service of the common order up-on him.    An attorney was properly employed by the tenant who was made a defendant, and an attorney's fee was, of course, chargable, as legal costs, upon the dismission by the plaintiff.    The only question with re-gard to this point is, whether the fee should have been charged at $10, or at $5.

The act of 1820, regulating the manner of taxing attornies' fees, (1 *Stat. Law*, 474) provides that "on all decrees where the title or bounds of land shall or may come in question, or on judgments in real actions, the Clerks, &c. shall tax the sum of ten dollars.    In other cases, the Clerk of the Court of Appeals and General Court, shall tax five dollars; and the Circuit Court Clerks shall, in mixed or personal actions, where the title or bounds of land shall come in question, tax the sum of five dollars; and in all other cases, two dollars and fifty cents."    It is contended that ejectment being, in its effect, a real action, should be so regarded in the application of this statute; and if the distinction had been made between real and personal actions only, so that ejectment must have been placed in one of these two classes, we should, perhaps, have felt authorized to regard it as belonging to the former class.    But as the statute adopts the well known classification of actions, as being real, personal, or mixed, we feel bound to con-strue these terms according to their established signifi-

EJECTMENT.

*Case* 111.

*September* 13.

Case stated.

In actions of e-jectment, waste, trespass, *quare clausum fregit,* the fee to be tax-ed by the Clerk against the un-successful party is five dollars.

McALISTER
vs
BRENTS, &c.

Neither party has a right to demand a trial of an ejectment at the term at which defendants are made—and one who makes himself defendant cannot recover costs for attendance and summoning witnesses at the term at which he is made defendant, when the suit is dismissed at same term.

cation, and to consider ejectment as comprised in the division or class of mixed actions, where we find it placed in the received treatises on the subject. Indeed, as the action of waste has never been of frequent use in this State, we must suppose that the action of ejectment was particularly in view in regulating the fee in mixed actions, though waste is undoubtedly comprised in the same regulation, as is also trespass *quare clausum fregit*, or any other personal action, in which the title or bounds of land shall come in question. And as, in all these cases, the tax fee is fixed at five dollars, the reduction from $10, taxed by the Clerk, to $5, as allowed by the act, was proper.

The only remaining question is, whether it was correct to tax against the plaintiff the service of subpœnas and the attendance of witnesses on the part of the tenant in possession, before he was made a defendant on the record; the action appearing to have been dismissed, not only at the same term at which he was made defendant, but at the same time, or immediately afterwards. It appears that, in this case, subpœnas were served and witnesses attended at the term next after that to which the common order was returned, and also at the succeeding term, being that at which the defendant was made, and the action dismissed. And the common order seems to have been returned executed, at the same term at which the declaration and notice were returned and the action entered in Court. At that term the tenant might have made himself a defendant, but no judgment by default could have been taken, because the common order had not been served ten days before the term. At the succeeding term, on the failure of the tenant, or some one for him, to appear and make defense, the plaintiff might have taken a judgment by default; and so at the following, or any subsequent term. But according to the general practice, as we understand it, neither party has a right to demand a trial against the consent of the other, at the term at which the defendant is made, unless for some special reason, it should be made the condition of entering the defense, that an immediate trial should be had. Until a defendant is

made, the plaintiff does not know that he will be required to make any proof; and considering the general character of the proofs and trials in ejectment, it would be unreasonable to require him to make the necessary preparation for a contest, until he should be apprised by the record, that one would take place, in which, if successful, he might recover the costs of preparation. And if he is not bound to be ready for trial, the defendant, of course, should not be. As the plaintiff may, at any term after a sufficient service of the common order, take a judgment by default unless a defendant is made, and as the tenant may, at any term after service, cause a defendant to be made, it is clear that each party has it in his power to take such steps as will place the action on the footing of ordinary suits, and prevent unreasonable delay. And when it is considered that, on making a defendant, the action assumes a new shape, and that according to the mode of proceeding in England, and in some, perhaps in most of the original States of the Union, a new declaration is then delivered against the real defendant on the record, it would seem to be contrary to the general object of all rules of practice, which is to secure a fair trial in reasonable time, to say that either party should, at that moment, have the right, as a matter of course, to coerce a trial.

Under this view of the subject, we are of opinion that, until a defendant is made, neither party is bound to prepare for a contested trial, and that, although if they go into trial immediately upon the entry of a defence, the successful party will be entitled to the costs of preparation, as in ordinary cases, the defendant is no more entitled to the cost of witnesses, upon an immediate dismission of the suit, when a defendant is made, than the plaintiff is entitled to similar costs when, no defendant having been made, he takes a judgment by default, against the casual ejector. Upon the face of the record of the action of ejectment, the dismission having taken place immediately upon the entry of the defence, we are of opinion that the defendant was not entitled to recover the cost growing out of the summoning and attendance of witnesses. And we are fur-

ther of opinion, that the parol proof, going to show that a motion to have the tenant entered as a defendant, had been made and allowed at the return day of the common order, but not entered on the record, is entitled to no effect upon the question.

If there has been entered upon the record an agreement to try at the term at which defendant is made, the successful party may recover costs.

If there had been an agreement between the parties, that the case should be tried as soon as a defendant was made, this might, in some form, perhaps, have been made effectual to secure compensation for the costs, &c. of preparing for trial. But although the failure to enter the defendant, (if the motion was made and allowed), was, in the first instance, the fault of the Clerk, it might and should have been remedied at the same term, by bringing the omission to the notice of the Court; or a similar motion might have been made at the first, as it was in fact at the second succeeding term. But the want of a record entry of a defendant, could not be supplied by parol proof of the allowance of the motion at a previous term.

Wherefore, the judgment is affirmed.

*Shuck* for plaintiff; *Rountree & Fogle* for defendants.